UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREATER CINCINNATI COALITION FOR THE HOMELESS, *et al.*, | : : : | Case No. 08-cv-603 |
| Plaintiffs, | : : | Judge Herman J. Weber Magistrate Judge Timothy S. Black |
| vs. | : : | |
| CITY OF CINCINNATI, *et al.*, | : : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT BE GRANTED (Doc. 14); AND (2) DEFENDANTS' MOTION TO DISMISS (Doc. 6) BE DENIED AS MOOT**

This civil action is before the Court on Defendants' motion to dismiss (Doc. 6), the parties' responsive memoranda (Docs. 8, 13), and Plaintiffs' motion for leave to file a supplemental complaint (Doc. 14), to which Defendants did not respond.

**I.   BACKGROUND FACTS AND PROCEDURAL HISTORY**

On September 10, 2008, Plaintiff social service agencies (Greater Cincinnati Coalition for the Homeless, The Mary Magdalen House, The Drop Inn Center, The Joseph House, Inc., Cincinnati Interfaith Workers' Center, and St. Francis-St. Joseph Catholic Worker House) (collectively "Plaintiffs") filed this action under 42 U.S.C. § 1983 in response to the City's alleged deprivation of their constitutionally protected rights by the adoption of City Resolution No. 41-2008 ("the Resolution").

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The Resolution was passed by the Cincinnati City Council on June 25, 2008 and is entitled:

> "RESOLUTION, submitted by Council member Bortz, DIRECTING the City Administration to adhere to the policy that social service agencies and programming shall not be concentrated in a single geographic area and shall not locate in an area that is deemed impacted; and further DIRECTING the City Manager to use his authority to the extent permitted by law, to carry out any actions necessary to adhere to such policy."

(Doc. 1, Ex. 1).

The Resolution directs City Manager Dohoney, "to the extent permitted by law," to implement a policy of avoiding undue concentrations of social service agencies and programming in a single geographic area and to restrict new social service agencies and programming in the Over-the-Rhine neighborhood of Cincinnati. (Doc. 1, Ex. 1). Plaintiff social service agencies are all located in Over-the-Rhine. (*Id.* at ¶¶ 1-30). Plaintiffs claim that the Resolution prohibits them from opening or expanding services and discourages the delivery of social services in the Over-the-Rhine community. (*Id.* at ¶¶ 79, 83). Additionally, Plaintiffs allege that the proposed changes are being implemented in a way that contravenes the City Charter which requires zoning code changes to be reviewed by the Planning Commission. (*Id.* at ¶ 96).

However, the complaint acknowledges that the Resolution has not been implemented: "Resolution No. 41-2008, *if* carried into force by the City Manager." (Doc. 1 at ¶ 41). The complaint further states that proposed amendments to the Cincinnati Zoning Code were not effective yet because they were "referred . . . back to the Planning

Commission *where they are currently undergoing further study*." (*Id*. at ¶ 51).

Accordingly, on November 4, 2008, Defendants filed a motion to dismiss alleging that Plaintiffs' claims are not ripe because Defendants have not acted in a way that has adversely affected them. (Doc. 6 at 2). Additionally, Defendants allege that the complaint otherwise fails to state a claim upon which relief can be granted. (*Id.*)

Subsequently, on July 10, 2009, Plaintiffs filed a motion for leave to file a supplemental complaint. (Doc. 14). Defendants did not respond.

In the motion for leave, Plaintiffs allege that since the filing of Defendants' motion to dismiss, the City Administration has made efforts to implement the challenged Resolution. (Doc. 14 at 2). Specifically, Over-the-Rhine Community Housing, Inc. ("OTRCH") has been working to establish a facility that would provide permanent housing for the chronically homeless, targeted toward alcoholics in Over-the-Rhine. (*Id*.) The program would renovate a series of vacant buildings to provide apartments for residents. (*Id*.) In February 2008, OTRCH obtained zoning verification that such housing was permitted and approvals were also obtained from the Historic Conservation Board. (*Id*.) Based upon those approvals, OTRCH purchased the property. (*Id*.) Since that time, OTRCH has been working to finalize their building permit. (*Id*. at 3). Recently, the Director of the Department of Planning and Building Department, who is a superior to the Supervisor of Zoning Administration, allegedly communicated with OTRCH that he is obligated to comply with the Resolution. (*Id.*) Subsequently, he has allegedly complicated the approvals necessary for OTRCH to go forward with its project,

including withdrawing a letter confirming zoning approval and requiring OTRCH to survey resources in other Cincinnati communities before a building permit will be issued. (*Id*. at 3-4). Although OTRCH is not currently a plaintiff in this litigation, Plaintiffs claim that the actions undertaken by the Director of City Planning and Buildings in furtherance of the challenged City Council Resolution have a chilling effect on all agencies and entities who operate in Over-the-Rhine and who would consider expanding their facilities. (*Id*. at 4).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Further, the Supreme Court has stated:

> In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996). Given the policy of liberality behind Rule 15(a), courts are obligated to give due consideration to motions to amend. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Although generally recognizing the presumption in favor of granting motions for leave to amend, courts will examine various factors in order to determine whether leave to

amend is warranted. These include undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.

In any case, the decision to grant a motion for leave to amend is at the court's discretion and depends on the particular circumstances involved. *Foman*, 371 U.S. at 182; *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973).

### III. ANALYSIS

#### A. Motion for Leave to Supplement the Complaint

The City's conduct in furtherance of the Resolution challenged in this action and described in the supplemental complaint occurred after the original complaint was filed. This is precisely the situation that Fed. R. Civ. P. 15(d)[2] was intended to address. Additionally, upon review of Plaintiffs' motion for leave to supplement the complaint, the undersigned does not find any indication of bad faith, undue delay, or a dilatory motive. Furthermore, the undersigned finds that allowing Plaintiffs to supplement the complaint does not unduly prejudice Defendants at this early stage in the litigation, especially given the fact that Defendants did not oppose Plaintiffs' motion.

---

[2] Fed. R. Civ. P. 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense."

### B. Motion to Dismiss

"Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot." *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). "The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward." 6 Wright, Federal Practice & Procedure § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Id.* Any subsequent motion filed by the opposing party should be directed at the amended pleading. *Id.* (citing *Hartman v. Register*, No. 1:06-cv-33, 2007 U.S. Dist. LEXIS 212275 (S.D. Ohio Mar. 26, 2007) (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint)); *see also Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 U.S. Dist. LEXIS 60105, at *12-13 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint").[3]

---

[3] *Accord: Hibbets v. Lexington Ins. Co.*, No. 07-5169, 2008 U.S. Dist. LEXIS 9540, at *2 (E.D. La. Feb. 7, 2008) ("even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint."); *Ziegler v. Gretna City Police Dept.*, No. 96-3373, 1997 U.S. Dist. LEXIS 5747 (E.D. La. Apr. 21, 1997) (granting plaintiff's motion for leave to file a supplemental complaint and dismissing defendants' motion to dismiss as moot).

The only circumstances in which filing a amended complaint may not moot a motion to dismiss is when the amended complaint is substantially identical to the original complaint. *Pethel*, 2007 U.S. Dist. LEXIS 60105, at *12-13. For example, when a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss. *In Re: GI Holdings*, 122 Fed. Appx. 554, 556 (3rd Cir. 2004). In the instant case, however, the supplemental complaint addresses a threshold issue, ripeness. Whether a plaintiff's claims are ripe is essential to determining whether a federal court has subject matter jurisdiction to even consider the claims. *Nationwide Mut. Ins. Co. v. Cisneros,* 52 F.3d 1351, 1361 (6th Cir. 1995) ("If a claim is unripe, a federal court lacks subject matter jurisdiction and the claim must be dismissed"); *MSI Pillars v. City Comm'n of Springfield*, No. 3:07-cv-110, 2008 U.S. Dist. LEXIS 85724, at * 4 (S.D. Ohio Sept. 30, 2008) (holding that the court lacks subject matter jurisdiction over the claim because the claim was not ripe).

Whether Plaintiffs' claims in the instant matter are ripe is a threshold issue. Accordingly, this Court cannot consider Defendants' motion to dismiss for failure to state a claim until the Court has established that it has subject matter jurisdiction. Since Plaintiffs' motion to supplement the complaint effectively moots Defendants' motion to dismiss because it directly addresses the ripeness issue, this Court should decline review of the underlying claims unless and until Defendants renew their motion to dismiss as directed at both the original and supplemental complaint.

## VI. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that:

1. Plaintiffs' motion for leave to file a supplemental complaint (Doc. 14) be **GRANTED**; and
2. Plaintiffs' counsel be **DIRECTED** to **FILE** the supplemental complaint; and
3. Defendants' motion to dismiss (Doc. 6) be **DENIED** as **MOOT**.


Date: August 7, 2009   s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREATER CINCINNATI COALITION FOR THE HOMELESS, *et al.*, | : : : | Case No. 08-cv-603 |
| Plaintiffs, | : : | Judge Herman J. Weber Magistrate Judge Timothy S. Black |
| vs. | : : | |
| CITY OF CINCINNATI., *et al.*, | : : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **10 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).