UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREATER CINCINNATI COALITION
FOR THE HOMELESS, *et al.*,

                Plaintiffs

       v.                                      C-1-08-603

CITY OF CINCINNATI, *et al.*,

                Defendants

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 33), plaintiffs' objections (doc. no. 35) and defendant City of Cincinnati's response (doc. no. 36).  The Magistrate Judge recommended that defendants' Motion to Dismiss (doc. no. 19) be granted and the case be closed.

Plaintiffs object to the Magistrate Judge's Report and Recommendation on the ground that his findings are contrary to law.

2

## I.

Plaintiffs in this action include social service agencies Greater Cincinnati Coalition for the Homeless, The Mary Magdalen House, The Drop Inn Center, The Joseph House, Inc., Cincinnati Interfaith Workers' Center and St. Francis-St. Joseph Catholic Worker House. They filed this lawsuit under 42 U.S.C. § 1983 in response to the City of Cincinnati's alleged deprivation of their constitutionally protected rights by the adoption of City Resolution No. 41-2008. Defendants moved to dismiss the complaint, alleging plaintiffs' claims were not ripe and, additionally, the complaint failed to state a claim upon which relief can be granted. Plaintiffs were granted leave to file a Supplemental Complaint, rendering defendants' Motion to Dismiss moot. Defendants subsequently renewed their Motion to Dismiss. The Magistrate Judge found that the Court lacks subject matter jurisdiction over the complaint. The Magistrate Judge determined that the claims are not ripe as they are both hypothetical and speculative and do not satisfy the finality doctrine which the Sixth Circuit has applied to constitutional claims raised in land use contexts.

3

**II.**

**Plaintiffs raise specific objections to the Magistrate Judge's proposed disposition of their First and Fourth Causes of Action. They allege that by recommending that the entire case be dismissed as unripe under the finality doctrine applicable to land use claims, the Magistrate Judge ignored their First Cause of Action, which purportedly claims that Resolution 41-2008 should be declared unconstitutionally void on the ground that it is an impermissibly vague Resolution which implicates First Amendment concerns.[1] Plaintiffs further object to the Magistrate Judge's determination that Resolution 41-2008 has no binding legal effect because it is not an ordinance to the extent the Magistrate Judge relied on this determination and underlying reasoning to resolve the First Cause of Action. They allege that the Resolution has binding legal effect as demonstrated by the fact that a City official has interpreted the Resolution to apply to a non-party social service agency and has caused the agency to incur costs as a result.**

---

[1]**The First Cause of Action alleges that the Resolution is vague and overbroad but expressly claims that the Resolution violates plaintiffs' substantive due process rights.**

4

Second, plaintiffs claim that the Report and Recommendation fails to independently review their due process claim presented in the Fourth Cause of Action, wherein plaintiffs allege that the Resolution is an attempt to regulate land use without using the required process for regulating land use and is a violation of substantive due process. Plaintiffs cite *Nasierowski Bros. Inv. Co. v. Sterling Heights,* 949 F.2d 890, 894 (6th Cir. 1991) for the proposition that the finality doctrine is not dispositive of their due process claim, which they frame as a procedural due process violation in their response to the motion to dismiss and in their objections to the Report and Recommendation, because they suffered instant and concrete injury when defendants passed the Resolution.

The City argues that plaintiffs do not have standing, their claims are not ripe, and plaintiffs have failed to state a plausible claim against the City.

III.

Upon a *de novo* review of the record, especially in light of plaintiffs' objections, the Court finds that the objections are not well-taken.

5

**Assuming for purposes of the motion to dismiss that Resolution 41-2008 has the force of law, the Magistrate Judge properly determined that plaintiffs' claims are not ripe. Although plaintiffs allege a violation of substantive due process in the Fourth Cause of Action, the Magistrate Judge construed the complaint as raising a procedural due process claim.²  To the extent plaintiffs attempt to allege a procedural due process violation, such claim is ancillary to the substantive constitutional claims raised in the complaint. Moreover, plaintiffs have not alleged facts to show that a denial of procedural due process itself created an injury. In accordance with the law of this circuit, because the case does not involve a purely procedural due process violation which inflicted concrete and instantaneous injury on plaintiffs, the finality doctrine applies to plaintiffs' claims raised in the First and Fourth Causes of Action.  *See Insomnia, Inc. v. City of Memphis, Tenn.*, 278 Fed. Appx. 609, 613 (6th Cir. 2008) (Sixth Circuit in *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154 (6th Cir. 1992) limited reach of *Nasierowski's* exception to**

---

²**The Report and Recommendation states that the Fifth Cause of Action relates to procedural due process requirements and the Fourth Cause of Action presents an Equal Protection claim. The Fifth Cause of Action actually presents an Equal Protection claim and the Fourth Cause of Action raises a substantive due process claim.**

6

the finality requirement to "only a subset of *purely procedural* challenges to land use regulations." (emphasis in original)). The finality requirement is not satisfied for the reasons stated by the Magistrate Judge.

As to plaintiffs' remaining claims, the Court finds the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the facts of this case, and the Court agrees with the Magistrate Judge.

Accordingly, the Court hereby ADOPTS the Report and Recommendation of the United States Magistrate Judge (doc. no. 33). Defendants' Motion to Dismiss (doc. no. 19) is GRANTED.

This case is DISMISSED for lack of subject matter jurisdiction and TERMINATED on the docket of this Court.

IT IS SO ORDERED.

S/ Herman J. Weber<br>Herman J. Weber, Senior Judge<br>United States District Court

**M:\DOCUMENT\PRISONER\08-603 - obj**